UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Lee Lane, ) | |
| ) | C/A No. 5:15-04445-JMC-KDW |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Report and Recommendation |
| John Rubio; Charles Broxton; and Dennis ) | |
| Smalls, in their individual and official ) | |
| capacities ) | |
| ) | |
| Defendants. ) | |

Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC") proceeding pro se, filed this 42 U.S.C. § 1983 action alleging that Defendants violated his constitutional rights. This matter is before the court on Defendants' Motion for Summary Judgment. ECF No. 38. The court entered a *Roseboro* Order,[1] advising Plaintiff of the importance of such motions and of the need for him to file adequate responses. ECF No. 39. Plaintiff filed a Response in Opposition to Defendants' Motion on April 18, 2016. ECF No. 48. This matter is also before the court on Plaintiff's Motion for Summary Judgment filed on April 4, 2016. ECF No. 44. Defendants filed a Response to Plaintiff's Motion on April 18, 2016. ECF No. 46. Therefore, these matters are now ripe for review. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) and (e), D.S.C. Because these Motions are dispositive, a Report and Recommendation is entered for the court's review.

---

[1] The court entered a *"Roseboro* order*"* in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring that the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

I.      Background

Plaintiff, Robert Lee Lane, is an inmate currently housed at Ridgeland Correctional Institution. ECF No. 1 at 2. Plaintiff alleges that on August 13, 2014, Defendants used excessive force, 76 grams of mace, on him because he objected to Defendant Broxton and Defendant Rubio's refusal to allow him to go to see the medical staff about his "mental health." *Id.* at 3-4. Plaintiff alleges Defendant Broxton told Plaintiff he "wasn't going anywhere" during a scheduled movement, and in response Plaintiff admits that he knocked on the "horse door window" to get Defendant Rubio's attention. *Id.* at 3. Plaintiff maintains that Defendant Rubio "knock[ed] to get yard officer attention calling him back pointing speaking saying [Plaintiff] had to go to medical." *Id.* Plaintiff alleges that as he was walking towards the door to leave for his medical appointment, "[Defendant] Rubio shoved plaintiff with both hands [and in response] Plaintiff shoved [Defendant] Rubio back. . ." *Id.* at 4. At this moment Plaintiff maintains that "Sgt. Gadson came out [of the] office located in horseshoe and was like whats (sic) going on and got between us and said she had me and told [P]laintiff to go by horseshoe door which [Plaintiff] did." *Id.* Finally, Plaintiff maintains:

> [Defendant] Broxton came through Charleston A side wing telling me to put my hands on the wall which I did as I turn[ed] my head to speak to Sgt. Gadson[,] [Defendant] Broxton maced me [and] Plaintiff tr[ied] to turn head and body other direction and fell[.] [U]pon information and later knowledge [Defendant] Smalls came out of Charleston B side wing door and mace[d] me while on the ground continuously. Total grams of mace used were 76 grams.

*Id.* Plaintiff seeks "punitive" or "exemplary" damages because he alleges Defendants' actions were "reckless/callous [and] indifferent to [his] rights due to excessive force and battery." *Id.* at 5.[2]

---

[2] The undersigned notes Plaintiff filed a Reply to Defendants' Answer that he also references as an Amended Complaint. *See* ECF No. 1-2 at 3. There, Plaintiff responds to several defenses asserted by Defendants. *See id.*

II.     Standard of Review

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 251. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989).

Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). "When opposing parties tell two different

stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

III. Analysis

1. Defendants' Motion for Summary Judgment, ECF No. 38

Defendants present three main arguments to the court. First, they argue Defendants did not violate Plaintiff's constitutional rights. ECF No. 38-1 at 4-7. Second, Defendants maintain they are entitled to qualified immunity. *Id.* at 7-8. Finally, Defendants argue they cannot be sued in their official capacities. *Id.* at 8-9. The undersigned will address each argument in turn.

A. Eighth Amendment Right Violation

In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege (1) that he or she "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States," and (2) "that the conduct complained of was committed by a person acting under color of state law." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). The Eighth Amendment prohibition of cruel and unusual punishment "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996).

To establish a constitutional excessive force claim, the inmate must establish that the "prison official acted with a sufficiently culpable state of mind (subjective component) and [that] the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (citing *Williams*, 77 F.3d at 761). Thus, courts must analyze both subjective and objective components. For the subjective component, Plaintiff must prove that Defendants assaulted and restrained him "maliciously and

4

sadistically for the very purpose of causing harm" rather than in a good-faith effort to maintain or restore discipline. *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986).

The Fourth Circuit has instructed that district courts use the following test in order to analyze the subjective component of the excessive force for Plaintiff's cause of action:

> (1) "the need for the application of force"; (2) "the relationship between the need and the amount of force that was used"; (3) the extent of any reasonably perceived threat that the application of force was intended to quell; and (4) "any efforts made to temper the severity of a forceful response."

*Iko v. Shreve*, 535 F.3d at 239 (quoting *Whitley*, 475 U.S. at 321. To establish the objective component, Plaintiff must show that "the alleged wrongdoing is objectively 'harmful enough' to establish a constitutional violation" in the context of "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 2 (quoting *Estelle v. Gamble*, 429 U.S. at 103 (1976)). When prison officials maliciously and sadistically use force to cause harm, there always exists a constitutional violation regardless of how significant a plaintiff's injury may be. *Id.*; *see also Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010).

Based on the differing accounts of the facts leading to Defendants' use of force, the undersigned is unable to recommend the district court find as a matter of law that Defendants used force in a good faith effort to maintain or restore discipline and not for the very purpose of causing harm. *See Whitley*, 475 U.S. at 320-21. In his Complaint and Response in Opposition to Summary Judgment, Plaintiff alleges that Defendant Rubio was the initial aggressor against Plaintiff and shoved Plaintiff with both hands. ECF No. 1 at 4; ECF No. 48 at 3. Plaintiff represents that he shoved Defendant Rubio only in response. *Id.* In his Complaint and Response, Plaintiff alleges he was compliant with all requests and orders, including Defendant Rubio's request that Plaintiff produce his identification. ECF No. 1 at 3-4; ECF No. 48 at 2-3. Further, Plaintiff alleges that he placed his hands against the wall as instructed by Defendant Broxton, but

5

Defendant Broxton maced Plaintiff while his hands were against the wall when Plaintiff turned his head to speak with Sgt. Gadson. ECF No. 1 at 4; ECF No. 48 at 3. Plaintiff maintains Defendant Smalls maced him a second time after Plaintiff had fallen on the ground. *See id.* In Plaintiff's Step-One grievance form, Step-Two grievance form, and Request to Staff Member form, he gives the same accounts. ECF Nos. 1-2 at 12-13; 18. Notably, in his Step-Two grievance form, Plaintiff represents that the charges against him relating to the incident were dropped. ECF No. 1-2 at 13.

In addition to his own representations, Plaintiff attaches statements from three witnesses to the incident, including an SCDC officer. *See* ECF No. 1-2 at 15-17. In the first statement, Officer Gadsden represents:

> To whom it may concern:
> I Sgt. Gadsden was present on the date and time when chemical munitions was used on I/m Lane, Robert #338310. I/m Lane Robert complied with all directives, that was given to him before chemical munitions was used on him on that date and time of incident that's in question. I Sgt. Gadsden is a witness and will give honest testimony.

*Id.* at 15. Sgt. Gadsden's statement is notarized and dated September 8, 2015. *Id.* Plaintiff also submitted statements from two fellow inmates as attachments to his Complaint. *Id.* at 16-17. In the first statement, Inmate David Carmichael represents that Defendant Broxton and Defendant Small maced Plaintiff "nonstop" while Plaintiff was complying with directives. *Id.* at 16. Additionally, Inmate Carmichael maintains that Plaintiff "didn't get violent at any time [and] Sgt. Gadsden was mad and stated this is not called for." *Id.* Inmate Gary Lott represents that he saw Defendant Rubio place handcuffs on Plaintiff and heard "yelling and screaming voices." *Id.* at 17.

The undersigned notes Defendants' differing accounts of the events as outlined in the incident reports, answers to interrogatories, and affidavits attached to Defendants' Motion for

6

Summary Judgment. *See* ECF Nos. 1-2 at 8-11; 48-1 at 11-12; 38-3; 38-4. However, the undersigned is tasked with construing the facts in the light most favorable to Plaintiff and finds there is a genuine issue of material fact as to whether these Defendants' actions were excessive under the Eighth Amendment.[3] *See e.g., Parker v. Stevenson*, 625 F. App'x 196, 199 (4th Cir. 2015) ("[I]n concluding that the record did not substantiate Parker's allegations, [the Report and Recommendation] failed to view the facts and the inferences drawn therefrom in the light most favorable to Parker."); *Brown v. Eagleton*, No. 4:14-CV-0357-BHH, 2015 WL 5781504, at *2 (D.S.C. Sept. 30, 2015) (where the district court declined to adopt a Report and Recommendation because "it [was] far from clear that the plaintiff's actions threatened prison officials or other inmates [and using] *Whitley* factors, the Court f[ound] that there [was] a genuine issue of fact as to whether the defendant's actions in spraying the plaintiff with mace were 'applied in a good faith effort to maintain or restore discipline.'"); *Wright v. Mack*, No. CIV.A. 5:12-02232, 2013 WL 3946286, at *5 (D.S.C. July 31, 2013) (where the district court adopted an R&R finding there was "a genuine issue of fact as to whether Defendant Mack's actions in spraying Plaintiff with chemical munitions for purportedly refusing to stop yelling and kicking his cell door were 'applied in a good-faith effort to maintain or restore discipline.'"). Based on these genuine issues of material fact, the undersigned recommends Defendants' Motion for Summary Judgment be denied on Plaintiff's excessive force claim. *See Mann v. Failey*, 578 F. App'x 267, 275 (4th Cir. 2014) (holding a plaintiff's presentation of "necessary briefs, affidavits, and corroborative evidence to support his claims" created a jury issue and "disputes of credibility are reserved for a fact finder").

### B. Qualified Immunity

---

[3] The undersigned notes that Plaintiff has also brought a cause of action for "battery," *see* ECF No. 1 at 2; 5. Defendants make no Summary Judgment argument concerning this cause of action.

Defendants assert they are entitled to qualified immunity on Plaintiff's claims. ECF No. 38-1 at 7-8. Specifically, Defendants represent that no constitutional violation occurred in Plaintiff's case because any use of force or use of gas in this case was justified. *See id.*

The Supreme Court in *Harlow v. Fitzgerald* established the standard that the court is to follow in determining whether a defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. 800, 818 (1982).

When evaluating a qualified immunity defense, the court must determine (1) whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) whether that right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 230-33 (2009).  The two prongs of the qualified immunity analysis may be addressed in whatever order is appropriate given the circumstances of the particular case. *Id.* at 236.  In determining whether the right violated was clearly established, the court defines the right "in light of the specific context of the case, not as a broad general proposition." *Parrish v. Cleveland*, 372 F.3d 294, 301-03 (4th Cir. 2004). "If the right was not clearly established in the specific context of the case—that is, if it was not clear to a reasonable officer that the conduct in which he allegedly engaged was unlawful in the situation he confronted—then the law affords immunity from suit." *Id.*  (citations and internal quotation omitted).

The record before the court does not indisputably show that Defendants performed the discretionary functions of their respective official duties in an objectively reasonable fashion. Viewed in the light most favorable to Plaintiff, the facts as alleged could suggest Defendants

8

transgressed Plaintiff's constitutional rights. Thus, the undersigned recommends Defendants not be granted qualified immunity.

### C. Official Capacity

Defendants maintain they are not subject to suit in their official capacities. ECF No. 38-1 at 8-9. On this sole point, the undersigned agrees.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The United States Supreme Court has long held that the Eleventh Amendment also precludes suits against a state by one of its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). This immunity extends not only to suits against a state per se, but also to suits against agents and instrumentalities of the state. *Cash v. Granville Cnty. Bd. of Ed.*, 242 F.3d 219, 222 (4th Cir. 2001).

Because Defendants were agents or employees of the State of South Carolina when acting in their official capacities, they are not "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983."). A state cannot, without its consent, be sued in a District Court of the United States by one of its own citizens upon the claim that the case is one that arises under the Constitution and laws of the United States. *Edelman*, 415 U.S. at 663. The State of South Carolina has not consented to be sued in this case. S.C. Code Ann. § 15-78-20(e). As an arm of the State, Defendants, in their official capacities, are immune from suit under the Eleventh Amendment. Accordingly, the undersigned recommends that Plaintiff's claims against Defendants in their official capacities be dismissed.

2. Plaintiff's Motion for Summary Judgment, ECF No. 44

In his Motion, Plaintiff argues he is entitled to Summary Judgment based on the evidence before the court. ECF No. 44. Additionally, Plaintiff maintains that his constitutional rights were violated and were clearly established. *Id.* In his Motion, Plaintiff represents that "the charges on the Plaintiff were dropped which [] brings us to this position now." *Id.* at 2. Plaintiff also maintains that all defenses are meritless, and "Defendants maliciously fabricated their incident report[s]." *Id.* Plaintiff argues that his "paper trail evidence" proves his case and asks the court grant him summary judgment. *Id.*

As discussed above, the undersigned finds there are material issues of fact concerning whether Defendants' actions were excessive under the Eighth Amendment. Additionally, Defendants did not present an argument concerning Plaintiff's cause of action for battery under the common law. Based on the undersigned's recommendations regarding Plaintiff's cause of action for excessive force under the Eighth Amendment and Plaintiff's battery claim for which there is no motion, the undersigned also recommends that Plaintiff's Motion for Summary Judgment, ECF No. 44, be denied.

IV.     Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendants' Motion for Summary Judgment, ECF No. 38, be granted only to the extent Defendants seek dismissal of claims against them in their official capacities. The undersigned recommends Defendants' Motion, ECF No. 38, otherwise be denied. Additionally, the undersigned recommends Plaintiff's Motion for Summary Judgment, ECF No. 44, be denied.

IT IS SO RECOMMENDED.

*[Signature: Kaymani D. West]*

November 22, 2016                                           Kaymani D. West
Florence, South Carolina                                    United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

11