**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| Robert Lee Lane, Jr., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>John Rubio; Charles Broxton; and )<br>Dennis Smalls, in their individual and )<br>official capacities, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 5:15-cv-04445-JMC<br><br><br><br>**ORDER** |

Plaintiff Robert Lee Lane, Jr. ("Plaintiff"), an inmate proceeding *pro se*, brought this action on October 30, 2015, alleging that Defendants John Rubio, Charles Broxton, and Dennis Smalls (collectively "Defendants") used excessive force against Plaintiff in violation of his constitutional rights. (ECF No. 1.)

On March 26, 2016, Defendants filed a Motion for Summary Judgment requesting that the court dismiss Plaintiff's action with prejudice on the grounds that: 1) Defendants did not violate Plaintiff's constitutional rights, 2) Defendants are entitled to qualified immunity, and 3) Defendants cannot be sued in their official capacities. (ECF No. 38.) Thereafter, the Magistrate Judge sent an Order on March 28, 2016, pursuant to *Roseboro v. Garrison*, 538 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedure and the possible consequences if he failed to respond adequately. (ECF No. 39.) Plaintiff subsequently filed a Response in Opposition to Defendants' Motion (ECF No. 48), and a Motion for Summary Judgment. (ECF No. 44.)

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 59), filed on November 22, 2016, recommending that

1

Defendants' Motion for Summary Judgment (ECF No. 38), be granted only to the extent that Defendants seek dismissal of claims against them in their official capacities, and Plaintiff's Motion for Summary Judgment (ECF No. 44), be denied. The Report sets forth in detail the relevant facts and legal standards on this matter which the court incorporates herein without a recitation.

## I.     LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. "The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271 (1976)). Moreover, the court is charged with making a *de novo* determination of those portions of a report and recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, a magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). Furthermore, objections to a report and recommendation must specifically identify portions of the report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 747 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The parties were notified of their right to file objections to the Report. (ECF No. 59-1.) Plaintiff did not file objections to the Report. However, Defendants timely filed objections on

December 9, 2016. (ECF No. 61.)

## II.     ANALYSIS

The Magistrate Judge recommended that the court grant Defendants' Motion for Summary Judgment (ECF No. 38), but only to the extent that Defendants seek dismissal of claims against them in their official capacities, and that the court deny Plaintiff's Motion for Summary Judgment (ECF No. 44). Defendants object to the Report on two grounds: 1) they are entitled to qualified immunity; and, 2) Inmate Lane's state law claim for battery must be dismissed.

As to the first ground, Defendants argue that, while there is no dispute that there was an altercation between Plaintiff and Defendant Rubio, "Sgt. Rubio's shove of Inmate Lane was not excessive force," was not used "maliciously and sadistically to cause harm," and did not cause injury to Plaintiff. (ECF No. 61 at 1-2.) Additionally, Defendants contend that Defendant Rubio used an appropriate amount of chemical munitions in handling the situation. (ECF No. 61 at 4.) In asserting their objections, Defendants rely upon the Affidavits of Defendants Rubio and Broxton, Incident Report of Charles Broxton, and Medical Records of Plaintiff (*id.* at 1-2), all of which have been adequately reviewed by the Magistrate Judge. The Magistrate Judge determined that the parties submitted differing accounts of the events, as well as Defendants had differing accounts of the events in their own incident reports, answers to interrogatories, and affidavits. (*Id.* at 6.) Thus, the Magistrate Judge gave the benefit of all disputed facts and inferences to Plaintiff, and concluded that she could not recommend as a matter of law that "Defendants used force in a good faith effort to maintain or restore discipline and not for the very purpose of causing harm." (*Id.* at 5.) The court agrees with the Magistrate Judge's analysis of the facts and law and that the various accounts of the facts in this case may turn on the credibility of the witnesses.

As to the second ground, Defendants acknowledge that they failed to raise the issue of Plaintiff's state claim for battery in their Motion for Summary Judgment (ECF. No. 38), but request

3

that the court dismiss Plaintiff's state battery claim. (ECF No. 61 at 4.) The court is not obligated to consider new arguments raised by a party for the first time in objections to the Magistrate Judge's report. *See Addison v. CMH Homes*, Inc., 47 F. Supp. 3d. 404, 412 (D.S.C. 2014). The court is satisfied that the Report contains no clear error on this issue.

After a thorough and careful review of the Report and the record in this case, the court finds that the Report provides an accurate summary of the facts and the law. Additionally, the court finds that the Report contains no clear error. Therefore, the court **ACCEPTS** the Report and Recommendation. (ECF No. 59.) For the reasons articulated by the Magistrate Judge, the court **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 38), only to the extent that Defendants seek dismissal of claims against them in their official capacities. Furthermore, the court **ORDERS** that Plaintiff's Motion for Summary Judgment (ECF No. 44), be denied.

**IT IS SO ORDERED.**

United States District Judge

March 9, 2017
Columbia, South Carolina

4